**UNITED STATES DISTRICT COURT**
**THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **IN RE: DAVOL, INC./C.R. BARD, INC., POLYPROPYLENE HERNIA MESH PRODUCTS LIABILITY LITIGATION** | **Case No. 2:18-md-2846**<br><br>**Judge Edmund A. Sargus, Jr.**<br>**Magistrate Judge Kimberly A. Jolson** |

**This document relates to:**
*Sparger v. Davol, Inc., et al.*,
**Case No. 2:19-cv-3501**

## OPINION AND ORDER

This matter is before the Court on Defendants' Motion to Dismiss (Doc. 4), Plaintiff's Motion for Extension of Time (Doc. 5), and Plaintiff's Motion to Substitute Party (Doc. 6). For the reasons that follow, Defendants' Motion to Dismiss (Doc. 4) is **DENIED**, Plaintiff's Motion for Extension (Doc. 5) is **GRANTED**, and Plaintiff's Motion to Substitute (Doc. 6) is **GRANTED**. Virginia C. Sparger, the administrator of Plaintiff's estate, is hereby **SUBSTITUTED** as the proper party Plaintiff in this case.

### I.     BACKGROUND

On February 4, 2020, Plaintiff's attorney filed a Suggestion of Death Upon the Record as Plaintiff to David E. Sparger. (Doc. 3). On July 8, 2020, Defendants moved to dismiss for Plaintiff's failure to timely file a motion to substitute the sole plaintiff after death. (Doc. 4). On July 29, 2020, Plaintiff's counsel moved both for an extension (Doc. 5) and to substitute the administrator of Plaintiff's estate, Virginia C. Sparger, as the named Plaintiff in this case (Doc. 6). This matter is ripe for resolution.

## II. STANDARD

Rule 25 of the Federal Rules of Civil Procedure, which governs the substitution of parties, provides:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1).

Where a party files a motion after the 90-day deadline and subsequently requests an extension to substitute, as is the case here, Rule 6(b) governs. It provides that, where a party has failed to comply with a deadline set forth in the Federal Rules the tardiness may be excused upon a showing of "excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). "'While the 90 day rule appears to be mandatory, Rule 6(b) authorizes the district court to exercise its discretion to permit a motion for substitution beyond the time originally prescribed when the failure to file the motion was the result of excusable neglect.'" *Kryder v. Estate of Rogers*, 296 F. Supp. 3d 892, 901 (M.D. Tenn. 2017) (quoting *Kaubisch v. Weber*, 408 F.3d 540, 542 (8th Cir. 2005)). "Inquiry into whether a failure to abide by a specified time constraint constitutes 'excusable neglect' is 'at bottom an equitable one, taking into account of all relevant circumstances surrounding the party's omission,' including prejudice to the other party, the reason for the delay, its duration, and whether the movant acted in good faith." *Ashworth v. Athens Cty., Ohio*, No. 2:06-CV-91, 2007 WL 9728509, at *3 (S.D. Ohio Dec. 7, 2007) (quoting *Raymond v. Int'l Bus. Machines, Corp.*, 158 F.3d 63, 66 (2d Cir. 1998)).

**III.    DISCUSSION**

Plaintiff's counsel asserts that excusable neglect supports substitution here. (*See* Docs. 5, 6). He notes that, after he filed the Suggestion of Death, Indiana instituted a stay-at-home order in response to the COVID-19 pandemic. (Doc. 5). He attaches the affidavit of Plaintiff's widow, Virginia C. Sparger, who attests that, during that shutdown, she sheltered at home due to her underlying health condition and advanced age. (Doc. 5-1, ¶¶ 4,5). Consequently, finding an attorney to open her husband's estate proved "difficult" during that time. (*Id.*, ¶ 5). Additionally, she attests that, "until recently, [she] did not have the funds to pay a retainer fee to an attorney to open [her] husband's estate, and [] was unable to hire an attorney to help [her] until July 13th, 2020." (*Id.*, ¶ 6).

Defendants, in response, reiterate that both the Motion to Substitute, as well as the request for an extension, are untimely under the Federal Rules. (*See generally* Doc. 8). They do not, however, present evidence or otherwise argue that Plaintiff's counsel acted in bad faith in failing to meet these deadlines. *Ashworth*, 2007 WL 9728509, at *3 (noting that "defendants point[ed] to no evidence that plaintiff's counsel acted in bad faith in failing to meet the deadline established by Rule 25(a)"). Nor do Defendants contend that they suffered any prejudice resulting from the untimely motions. *See id.* ("Further, defendants have not established that they suffered any prejudice resulting from counsel's failure to comply with [Rule] 25(a)(1).").

And, as noted, the Court has discretion to consider excusable neglect in these circumstances. *See Greene v. JPMorgan Chase Bank, Nat'l Ass'n*, No. 3:18-CV-00509, 2019 WL 5190990, at *1 (M.D. Tenn. Oct. 15, 2019), *report and recommendation adopted*, No. 3:18-CV-00509, 2019 WL 5719325 (M.D. Tenn. Nov. 5, 2019) (citing *Kryder*, 296 F. Supp. 3d at 901; 7C

Charles Alan Wright et al., *Federal Practice and Procedures* § 1955 (3d Aug. 2019 update) ("Dismissal is not mandatory, despite the use of the word 'must' in the amended rule.'")).

Here, taking into account the factors relevant to excusable neglect, including the lack of evidence of prejudice to Defendants, the relatively brief two-and-a-half month period between the expiration of the 90-days and the request to substitute, as well as the practical difficulties presented by the global pandemic, it is "equitable and just" to extend the time for Plaintiff to move to substitute to July 29, 2020, the date of service of the Motion to Substitute. *Cabisca v. City of Rochester*, No. 14-CV-6485, 2018 WL 6680595, at *2 (W.D.N.Y. Dec. 19, 2018) (granting extension to move to substitute based on lack of prejudice, "relatively brief delay," and "apparent good faith").

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss (Doc. 4) is **DENIED**, Plaintiff's Motion for Extension (Doc. 5) is **GRANTED**, and Plaintiff's Motion to Substitute (Doc. 6) is **GRANTED**. Virginia C. Sparger, the administrator of Plaintiff's estate, is hereby **SUBSTITUTED** as the proper party Plaintiff in this case.

IT IS SO ORDERED.

Date: December 7, 2020  s/Edmund A. Sargus, Jr.
EDMUND A. SARGUS, JR.
UNITED STATES DISTRICT JUDGE


s/Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE